

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KEITH LANDRY AND JOSETTE LANDRY**     **PLAINTIFFS**

VS.                                    NO. 1:09cv167 HSO-JMR

**GREEN TREE FINANCIAL CORP. OF ALABAMA**
**D/B/A GREEN TREE and PENNCRO ASSOCIATES, INC.**     **DEFENDANT**

[Removed from Hancock County, Mississippi, Circuit Court, Case No. 07-0516]

### JOINT NOTICE OF REMOVAL

**COMES NOW** Defendants, Green Tree Financial Corp. of Alabama d/b/a Green Tree ("Green Tree") and Penncro Associates, Inc. ("Penncro") (collectively "Defendants"), named as Defendants in the above-captioned action, hereby file this Notice of Removal of this action from the Circuit Court of Hancock County, Mississippi, where this action is now pending, to the United States District Court, in and for the Southern District of Mississippi. This Notice of Removal is filed pursuant to 28 U.S.C. §1446(b). Defendants show this Court as follows:

1.  On June 21, 2006, Plaintiffs filed their Original Complaint in the Chancery Court of Hancock County. The Original Complaint, Exhibit "A," stated a claim for injunctive relief under the Mississippi Disaster Mortgage Foreclosure Moratorium Act, Miss Code Ann. §89-1-30,1 *et seq.*, and (b) a Mississippi common law infliction of emotional distress claim. Exhibit "A" has never been amended. The *ad danum* clause in Exhibit "A" disclaims any claim for damages in an amount exceeding $74,999, thereby precluding diversity jurisdiction pursuant to 28 U.S.C. §1441. Exhibit "A" does not assert any claim arising under the Fair Debt Collection Practices Act, 15 USC §1692a other claim arising under federal law, which would support removal under 28 U.S.C. §1446(b). On

or about June 25, 2008 the Chancery Court of Hancock County transferred this case to the Circuit Court of Hancock County, where it has been pending ever sense.

2. On February 10, 2009 the Plaintiffs filed Exhibit "B," which is a pleading entitled "Plaintiffs [sic] Opposition to Defendants' 2nd Motions for Summary Judgment" which, in addition to the previously asserted state law claims, expressly asserts the existence of a claim against both Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*

3. Pursuant to the filing of Exhibit "B," this Court has both original jurisdiction under the newly asserted FDCPA claims pursuant to 28 USC § 1331[1] and supplemental jurisdiction over this case pursuant to 28 U.S.C. 1367[2].

4. This case is properly removable under 28 U.S.C. § 1441(b) which provides, in pertinent part, as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> <u>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1441(b) (emphasis added).

---

[1] 28 USC § 1331 reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, treaties of the United States." 28 U.S.C.A. § 1331.

[2] 28 USC § 1367(a) provides in pertinent part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

5. This Notice of Removal is filed within 30 days of receipt of the Exhibit "B" by the Defendant, Penncro, with the express consent of the other Defendant, GreenTree.

9. The State Court in which this action was commenced is within this Court's district and division.

10. This Notice of Removal will be filed with the Circuit Court of Hancock County, Mississippi, and a copy of this Notice of Removal will also be served on all counsel of record.

11. The Answers of the Defendants are attached hereto as Exhibit "C".

WHEREFORE, Defendants pray that the above-described action now pending in the Circuit Court of Hancock County, Mississippi, be removed therefrom to this Court.

This the 12th day of February, 2009.

        RESPECTFULLY SUBMITTED,

        PENNCRO ASSOCIATES, INC.

        BY: COPELAND, COOK, TAYLOR & BUSH, P.A.

        BY: _____
        WILLIAM V. WESTBROOK, III
        MSB NO. 7119

COPELAND, COOK, TAYLOR & BUSH, P.A.
POST OFFICE BOX 10
GULFPORT, MISSISSIPPI 39502-0010
TELEPHONE: (228) 863-6101
FACSIMILE: (228) 868-9077

        GREEN TREE FINANCIAL CORP. OF ALABAMA D/B/A GREEN TREE

        By: _____
        MICHAEL D. SIMMONS
        MSB NO. 9828

COSMICH, SIMMONS & BROWN, PLLC
POST OFFICE BOX 22626
JACKSON, MISSISSIPPI 39225-2626
TELEPHONE: (601) 863-2100
FACSIMILE: (601) 863-0078

## CERTIFICATE OF SERVICE

I, the undersigned, of the law firm Copeland, Cook, Taylor & Bush, P.A., do hereby certify that a copy of the above and foregoing **Joint Notice of Removal** has this date been served upon the following counsel of record by facsimile and by placing same in the U.S. Mail, properly addressed and postage prepaid:

Karen Ladner Ruhr
Hancock County Circuit Court Clerk
3068 Longfellow Drive, Bldg. 7
Bay St. Louis, MS 39520
Fax: 228-467-2779

Joseph G. Albe, Esq.
2331 Canal Street
New Orleans, LA 70119
Fax: 504-821-6096

**THIS** 12th day of February, 2009.

_____
WILLIAM V. WESTBROOK, III