IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH LANDRY and | § | |
| JOSETTE LANDRY | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No.1:09CV167HSO-JMR |
| | § | |
| GREEN TREE FINANCIAL CORP. OF | § | |
| ALABAMA d/b/a GREEN TREE and | § | |
| PENNCRO ASSOCIATES, INC. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [2] of Plaintiffs Keith and Josette Landry. Defendants Penncro Associates, Inc. ("Penncro"), and Green Tree Financial Corp. of Alabama ("Green Tree"), filed Responses [4], [7], and Plaintiffs a Rebuttal [6]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs and Green Tree entered into a Home Mortgage Contract on Plaintiffs' residence located in Bay St. Louis, Mississippi. *See* Compl. ¶ III. The residence was subsequently destroyed by Hurricane Katrina, which struck the Mississippi Gulf Coast on August 29, 2005. *See id.* Plaintiffs thereafter defaulted on their mortgage payments to Green Tree, and their account was referred to Penncro for collection. *See id.; see also* Penncro Resp. at p. 2.

Plaintiffs filed their Complaint against Penncro and Green Tree on or about

June 21, 2006, in the Chancery Court of Hancock County, Mississippi, seeking injunctive relief, as well as damages for Defendants' "illegal and improper threats while attempting to collect payment on [Plaintiffs'] mortgage; Defendant's [sic] invasion of Plaintiffs' privacy and for other violations of the [sic] state laws." Pls.' Compl. ¶ V. This case was subsequently transferred from the Chancery Court to the Circuit Court of Hancock County, Mississippi.[1] Defendants removed the case from Circuit Court on February 12, 2009, on grounds that Plaintiffs had asserted claims under the Fair Debt Collections Practices Act ("FDCPA"), such that federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction existed over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs contend that removal was untimely. Plaintiffs also seek attorney's fees.

## II. **DISCUSSION**

*A.  Standard of Review*

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no serious dispute that Plaintiffs have asserted claims under the FDCPA, or that those claims confer § 1331 jurisdiction upon this Court. The

---

[1] Plaintiffs state that this case was transferred to the Circuit Court on November 27, 2007. *See* Mem. in Supp. of Pls.' Mot. at p. 3. Penncro states that the case was transferred to the Circuit Court on June 25, 2008. *See* Penncro's Resp. at p. 1.

parties instead dispute when it first became apparent that FDCPA claims were being asserted, making this case removable.

Section 1446 governs the procedure for removal. Subpart (b) provides in part that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b).

A plain reading of Plaintiffs' Complaint reveals that the case was not initially removable. Plaintiffs contend that the operative date for determining timeliness of removal is either: (1) September 25, 2006, the date Penncro filed its first Motion for Summary Judgment in Chancery Court asserting defenses under the FDCPA; (2) March 16, 2007, the date the Chancery Court issued its written Opinion on Penncro's Motion whereby it addressed Defendants' FDCPA defenses; (3) June 7, 2007, the date Green Tree filed its first Motion for Summary Judgment in Chancery Court asserting defenses under the FDCPA;[2] or (4) September 29, 2008, the date Plaintiffs sent discovery requests to Defendants "seeking information pertaining to defendants' claims that they were in compliance with the FDCPA." Mem. in Supp. of Pl.'s Mot. at p. 5. Using any of these dates, Defendants' Notice of Removal, filed on February 12, 2009, would have been untimely. Defendants counter that the proper date to consider

---

[2] Green Tree states that it "never relied on the FDCPA as a defense, per se, but rather argued that it [was] not a 'debt collector' within the purview of the FDCPA." Mem. in Supp. of Green Tree's Resp. at p. 9, n. 11.

for removal purposes was February 10, 2009, the date Plaintiffs filed their Opposition to Defendants' second Motions for Summary Judgment. Defendants assert that, prior to that time, it was not apparent Plaintiffs were asserting claims under the FDCPA. *See* Penncro's Resp. at p. 2; Green Tree's Resp. at p. 6.

B.  *Subject Matter Jurisdiction*

Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). "[I]t is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999). "A defense that raises a federal question is insufficient." *MSOF*, 295 F.3d at 490. Thus, "a case may not be removed to federal court on the basis of a federal defense,…even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

"Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S 470, 176 (1998) (*quoting Franchise Tax Bd.,* 463 U.S. at 22 )). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.* "The

artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id*. "Although federal preemption is ordinarily a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Id*. (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

There is no serious dispute that Penncro and Green Tree raised the FDCPA as a defense to Plaintiffs' state law claims in their first Motions for Summary Judgment, filed in the Chancery Court on September 25, 2006, and June 7, 2007, respectively. Plaintiffs argue that based on those Motions, "[D]efendants knew as early as 2006...that Plaintiffs [sic] claims involved federal laws [sic] questions [i.e. defendants asserted that their debt collections [sic] activities were in compliance with the FDCPA]." Mem. in Supp. of Pls.' Mot. at p. 7. Because "there is no arguable basis for concluding that the FDCPA completely preempts plaintiff[s'] state law...claim[s]," removal at the time Defendants asserted FDCPA defenses would have been improper. *See Binion v. Franklin Collection Services, Inc.*, 147 F. Supp. 2d 519, 522 (S.D. Miss. 2001)*; see also Virgil v. Reorganized M.W. Co., Inc.,* 156 F. Supp. 2d 624, 631 (S.D. Miss. 2001) (finding that "no court has held that the FDCPA completely preempts applicable state law or even that it preempts the field."). Moreover, Defendants' "subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (*citing Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). September 25, 2006, and June

7, 2007, are therefore not the operative dates which triggered the thirty day removal clock under § 1446(b).

"It is also settled that a case * * * non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff * * *." *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (*quoting Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). The Chancery Court's March 16, 2007, Order did not transform this case into a removable one by addressing Defendants' FDCPA defenses, or by noting that it could not "state that the Plaintiffs could not prevail against these defendants under either State and/or Federal law." March 16, 2007, Order, attached as Ex. "B-A" to Notice of Removal. The thirty day removal period under § 1446(b) did not commence on March 16, 2007.

Plaintiffs further contend that their September 27, 2008, discovery requests "seeking information pertaining to *defendants' claims* that they were in compliance with the FDCPA," should have placed Defendants on notice of Plaintiffs' FDCPA claims against them. *See* Mem. in Supp. of Pls.' Mot. at p. 5 (emphasis added). "Under limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction...." *Eggert v. Britton*, 223 Fed. App'x 394, 397 (5th Cir. 2007). Courts within this Circuit have found that a plaintiff's discovery requests constitute "other paper" for purposes of the removal statute. *See John Hunter, Inc. v. Great*

*Impressions Apparel, Inc.*, 313 F. Supp. 2d 644, 646 (N.D. Tex. 2002).

Upon review of Plaintiffs' requests, the Court finds that "[a]t best, the discovery materials...show[ed] that [Plaintiffs] were *considering* [FDCPA] claims." *Hurt v. Del Papa Distributing Co.*, L.P., 425 F. Supp. 2d 853, 858 (S.D. Tex. 2004) (emphasis added). "[T]he information supporting removal in a copy of an ...other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Plaintiffs' discovery requests here do not rise to this level of certainty.

In sum, none of the dates asserted by Plaintiffs as the proper dates for removal of this case to this Court started the thirty day time limit under § 1446(b). The Court finds that Plaintiffs' February 10, 2009, Opposition to Defendants' second Motions for Summary Judgment, made it unequivocally clear and certain that FDCPA claims were asserted against both Penncro and Green Tree. February 10, 2009, is therefore the operative date for commencement of the thirty day removal clock under § 1446(b). Defendant's Notice of Removal, dated February 12, 2009, is timely as it was filed within thirty days of February 10, 2009. The Court concludes that Plaintiffs' Motion to Remand must be denied.

C. *Attorney's Fees*

Section 1447 states in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because the Court finds remand

inappropriate under the circumstances presented here, an award of attorney's fees is not warranted.

### III. <u>CONCLUSION</u>

This case was removed timely pursuant to 28 U.S.C. § 1446(b), and the Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiffs are not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [2] of Plaintiffs Keith and Josette Landry, filed in the above captioned cause, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 9th day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE