IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH LANDRY AND § | | |
| JOSETTE LANDRY § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:09CV167HSO-JMR |
| § | | |
| GREEN TREE FINANCIAL CORP. OF § | | |
| ALABAMA d/b/a GREEN TREE and § | | |
| PENNCRO ASSOCIATES, INC. § | | DEFENDANTS |

**ORDER GRANTING PLAINTIFFS' MOTION TO DELAY CONSIDERATION OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION WITHOUT PREJUDICE AND REMANDING DISCOVERY DISPUTES TO MAGISTRATE JUDGE, AND DENYING DEFENDANTS' MOTIONS TO STAY**

Before the Court are two Motions for Summary Judgment, filed by Defendants Green Tree Financial Corp. of Alabama ("Green Tree") [23], and Penncro Associates, Inc. ("Penncro") [27], pursuant to Federal Rule of Civil Procedure 56, and the Motion [67] to Delay Consideration of Defendants' Motions for Summary Judgment, filed by Plaintiffs Keith and Josette Landry, pursuant to Federal Rule of Civil Procedure 56(f). Also before the Court are the Motions for Reconsideration of the Magistrate Judge's November 20, 2009, Orders, filed by Defendants Penncro [57] and Green Tree [61], pursuant to 28 U.S.C. § 636(b)(1), and the Motions to Stay the Magistrate Judge's November 20, 2009, Orders Pending Reconsideration, filed by Defendants Green Tree [62] and Penncro [64]. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court

-1-

finds that Plaintiffs' Motion [67] to Delay Consideration of Defendants' Motions for Summary Judgment should be granted, and Defendants' Motions [23], [27], for Summary Judgment should be denied without prejudice, with leave to reassert once discovery in this matter has been conducted pursuant to the rules of this Court. The Court further finds that Defendants' Motions [57], [61], for Reconsideration should be denied without prejudice, and the Court remands the parties' discovery disputes to Chief U.S. Magistrate Judge John M. Roper for more detailed findings on the record in light of this Order. The Motions [62], [64], to Stay pending reconsideration should therefore be denied.

## I. PROCEDURAL BACKGROUND

Defendants removed this case from the Circuit Court of Hancock County, Mississippi,[1] on February 12, 2009, on grounds that Plaintiffs were asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), such that federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction existed over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs moved for remand, which the Court denied by Order [9] dated September 9, 2009. On October 2, 2009, Plaintiffs filed their First Amended Complaint [19], formally stating claims against Defendants under the FDCPA. Six days later, on October 9, 2009, Defendants filed their Motions for Summary Judgment, arguing

---

[1]The case was originally filed in the Chancery Court of Hancock County, Mississippi, and subsequently transferred to the Circuit Court of Hancock County, Mississippi.

that Plaintiffs' claims fail as a matter of law.

On October 13, 2009, Penncro filed a Cross-Motion [30] for Sanctions against Plaintiffs' counsel for alleged discovery violations. Penncro also filed two Motions for Protective Orders, on October 16, 2009 [32], and October 21, 2009 [40], seeking to stay "all discovery...pending a determination of Penncro's contemporaneously filed Motion for Summary Judgment as to all Claims Asserted in First Amended Complaint," and detailing objections to certain of Plaintiffs' discovery requests. These Motions were denied by Chief U.S. Magistrate Judge John M. Roper by two Text Orders dated November 20, 2009. Defendants timely appealed the Magistrate Judge's Orders to this Court, and filed Motions to Stay discovery pending a ruling on their appeals.[2] Plaintiffs thereafter filed a Motion to Delay Consideration of Defendants' Motions for Summary Judgment pending discovery.

## II. <u>DISCUSSION</u>

*A.     Rule 56 Standard*

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV.

---

[2]The Court notes that Defendants styled these pleadings as Motions for Reconsideration. Pursuant to the Uniform Local Rules of this Court, appeals of magistrate judge decisions are more properly titled as objections. *See* L.U. CIV. R. 72(a)(1)(A).

P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Pursuant to Rule 56(f), Plaintiffs request that Defendants' Motions for Summary Judgment be continued, or alternatively denied, pending further discovery. Rule 56(f) provides that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id*. "The Fifth Circuit has held it to be an abuse of discretion not to allow further discovery where discovery to date has been clearly inadequate and a continuance has been requested under Rule 56(f)." *Travelers Property Cas. Co. v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. March 28, 2008) (*citing Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989)).

The Court is of the opinion that the Rule 56(f) standard is satisfied here. Though Plaintiffs have not filed a Rule 56(f) affidavit, this Court has held that "[w]hen a party files a brief opposing the motion for summary judgment and informs

the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56(f) motion." *Travelers*, 2008 WL 886099, at * 2 (*citing Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Plaintiffs filed their First Amended Complaint, formally incorporating their FDCPA claim, only six days before Defendants filed their Motions for Summary Judgment. At the time Defendants filed their Motions for Summary Judgment and for Protective Orders, the parties had not conferred as required by Federal Rule of Civil Procedure 26(f) and were barred from engaging in discovery. *See* FED. R. CIV. P. 26(d); *see also* October 29, 2009, Text Order. Consequently, there has been no discovery conducted in this Court on Plaintiffs' FDCPA claims.

B.      *Defendants' Statute of Limitation and Estoppel Arguments*

Defendants contend that no such discovery is needed, on grounds that Plaintiffs' FDCPA claims are time-barred and that Plaintiffs are otherwise judicially estopped from asserting such claims.[3]

> The statute of limitations for a FDCPA claim is contained within 15 U.S.C. § 1692k(d), which states in its entirety: 'An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.'

*Ross v. North MS Health Services, Inc.*, No. 1:02cv390, 2006 WL 218173, at *1 (N.D. Miss. Jan. 27, 2006) (*quoting* 15 U.S.C. § 1692k(d)). Defendants insist that because

---

[3] Both Defendants argue that Plaintiffs' FDCPA claims are time-barred; only Penncro suggests that Plaintiffs should be judicially estopped from asserting them.

Plaintiffs added their FDCPA claim almost three years after the filing of the original Complaint, and over three years after the last communication between Plaintiffs and Penncro, the FDCPA claim should be dismissed as time-barred. *See* Mem. in Support of Penncro's Mot. to Reconsider at p. 5; *see also* Green Tree's Mot. for Reconsideration at p. 9.

Federal Rule of Civil Procedure 15(c) states in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading...." FED. R. CIV. P. 15(c). "[T]he search under Rule 15(c) is for a common core of operative facts in the two pleadings." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1497 (2d ed. 1990).

Because Plaintiffs' FDCPA claim is based upon the same facts contained in their original Complaint, the FDCPA claim relates back to the date of filing of the original Complaint on June 21, 2006.[4] *See United States v. Commercial Technology, Inc.*, 354 F.3d 378, 388 (5th Cir. 2003) (finding that government's original complaint, asserting an FDCPA claim, and its amended complaint, asserting a claim under the Texas Uniform Fraudulent Transfer Act (TUFTA), both arose from the government's claim that the defendant fraudulently transferred a piece of property to its

---

[4] Though the copy of Plaintiffs' original Complaint contained in the record does not reflect the date it was actually filed in the Chancery Court of Hancock County, there is no dispute that it was filed on June 21, 2006.

subsidiary, thus the amended complaint related back to the date of the original complaint); *see also Mitchell v. Surety Acceptance Corp.*, 838 F. Supp. 497, 501 (D. Colo. 1993) (finding that plaintiff's FDCPA claim in her amended complaint related back to the date of the original complaint pursuant to Rule 15(c) on grounds that the FDCPA claim arose out of the same conduct alleged in the original complaint). Plaintiffs' FDCPA claims would not be time-barred, so long as the conduct which allegedly violated the FDCPA occurred within a year preceding the filing of Plaintiffs' original, June 21, 2006, Complaint.

Penncro additionally contends that Plaintiffs should be judicially estopped from asserting FDCPA claims. It argues that Plaintiffs' counsel specifically renounced such relief during a January 8, 2007, hearing held in State court on Plaintiff's Motion to Extend Preliminary Injunction and on Defendant Penncro's Motion for Summary Judgment. *See* Mem. in Support of Penncro's Mot. to Reconsider at p. 5. "Judicial estoppel is an equitable doctrine that 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Hopkins v. Cornerstone America*, 545 F.3d 338, 347 (5th Cir. 2008) (*quoting Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003)). "The purpose of the doctrine is to 'protect [ ] the essential integrity of the judicial process" by reducing the "risk of inconsistent court determinations." *Id.* (*quoting New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in

another case." *New Hampshire*, 532 U.S. at 749.

The Fifth Circuit has identified at least two prerequisites before the doctrine may be applied: "(1) the party's position must be clearly inconsistent with its previous one, and (2) the previous court must have accepted the party's earlier position." *Hopkins*, 545 F.3d at 347. Here, there is no persuasive indication that the State court, in ruling on Plaintiff's Motion to Extend Preliminary Injunction, or on Defendant's Summary Judgment, relied on any statement by Plaintiffs' counsel foregoing FDCPA claims, or that Plaintiffs somehow prevailed at that hearing based upon any such reliance. *See* March 16, 2007, Opinion, attached as Ex. "B-A" to Notice of Removal. To the contrary, the State court's order acknowledged its jurisdiction over FDCPA claims, and stated that "under [the] circumstances, [it could not] state that the Plaintiffs could not prevail against these defendants under either State and/or Federal law." *Id.* Based upon the foregoing, Plaintiffs are not judicially estopped from asserting claims under the FDCPA.

C.  *Resolution of Parties' Motions*

In light of the record as a whole, the Court is of the view that both Defendants' Motions for Summary Judgment are premature. At the time Defendants filed their Motions for Summary Judgment, the Court had not yet had an opportunity to determine what additional discovery might be needed on Plaintiffs' claims. A review of the record further supports the conclusion that Plaintiffs have made a sufficient showing of their need for discovery. Defendants' Motions for Summary Judgment should therefore be denied without prejudice, with

leave to reassert once the parties have had an adequate opportunity to conduct discovery in accordance with the rules of this Court. The Court need not address the appeals of the Magistrate Judge's November 20, 2009, discovery Orders at this juncture, and remands the parties' discovery disputes to the Magistrate Judge for more detailed findings on the record. The Court is of the opinion that Defendants' Motions to Stay should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [67] to Delay Consideration of Defendants' Motions for Summary Judgment, filed by Plaintiffs Keith and Josette Landry, is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions for Summary Judgment, filed by Defendants Green Tree Financial Corp. of Alabama [23] and Penncro Associates, Inc. [27], are hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert once the parties have had an adequate opportunity to conduct discovery.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions for Reconsideration of the Magistrate Judge's November 20, 2009, Orders filed by Defendants Penncro [57] and Green Tree [61], are hereby **DENIED WITHOUT PREJUDICE**, and said disputes are hereby **REMANDED** to the Magistrate Judge for more detailed findings on the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Chief U.S. Magistrate Judge John M. Roper is directed to reconsider the November 20, 2009,

Text Orders regarding the parties' discovery disputes in light of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions to Stay the Magistrate Judge's November 20, 2009, Orders Pending Reconsideration, filed by Defendants Green Tree [62] and Penncro [64], are hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 8th day of April, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE